# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH GLASS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 16-3902 |
| v. | : | |
| | : | |
| JOHN E. WETZEL, et al., | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this _12TH__ day of ___June__, 2017, upon careful and independent consideration of the petition for writ of habeas corpus and the parties' briefs and related filings, and after review of United States Magistrate Judge Thomas R. Rueter's Report and Recommendation and Petitioner's objections to the Report and Recommendation, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

2. The petition for writ of habeas corpus is **DENIED** and **DISMISSED**.

3. Petitioner's request for a certificate of appealability is **GRANTED** on his single ground for relief: that he was denied ineffective assistance of counsel when "trial

---

[1] In the Report and Recommendation ("R & R"), Judge Rueter concludes that the prosecutor's remarks about Petitioner's dishonesty were proper and therefore defense counsel's performance was not deficient. Even assuming that the prosecutor's repeated characterizations of Petitioner as a liar did constitute prosecutorial misconduct, Petitioner would not be entitled to relief because he did not suffer prejudice given that his own counsel conceded in her opening and closing statements that Petitioner repeatedly lied to the police.
  While the R & R generally addresses prosecutorial misconduct, it does not address Petitioner's argument that the prosecutor vouched for the credibility of the key prosecution witness, Petitioner's wife. I defer to the state court's conclusion that the prosecutor's comments about the credibility of Petitioner's wife did not constitute vouching because they were based on the evidence presented at trial and not on the prosecutor's personal knowledge or other information outside the record. *See United States v. Walker*, 155 F.3d 180, 187 (3d Cir. 1998) ("[W]here a prosecutor argues that a witness is being truthful based on the testimony given at trial, and does not assure the jury that the credibility of the witness [is] based on his own personal knowledge, the prosecutor is engaging in proper argument and is not vouching.") Thus, the prosecutor's comments about the Petitioner's wife's truthfulness were not improper and defense counsel's performance was not deficient.

counsel failed to object to prosecutorial misconduct and to demand that the trial court provide cautionary instructions to the jury where the prosecutor unfairly and improperly injected his own personal view as to Petitioner's lack of moral character, credibility and guilt as well as commenting upon the credibility of the key prosecution witness, Petitioner's wife."[2] Habeas Pet. ¶ 12.

                                                                                 s/Anita B. Brody

                                                                                 _____

                                                                                 ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                      Copies **MAILED** on _____ to:

---

[2] While I approve and adopt the R &R, which defers to the state court's conclusion that counsel did not provide ineffective assistance of counsel, I recognize that the key issue in this case was the credibility of Petitioner versus the credibility of his wife. The fire investigators in this case concluded that the fire was the result of arson, but there was no physical evidence as to how the fire started. The prosecutor claimed that Petitioner set the fire because he was having an affair and defense counsel claimed that the wife set the fire as revenge for her husband's affair. In his closing argument, the prosecutor repeatedly characterized Petitioner as a liar while simultaneously attesting to the truthfulness of Petitioner's wife. Additionally, despite the fact that evidence of Petitioner's affair permeated the trial, defense counsel failed to request a cautionary instruction. I conclude that counsel's failure to object to the prosecutor's comments made during closing argument and failure to request a cautionary instruction do not amount to ineffective assistance of counsel, however, reasonable jurists could find this assessment of Petitioner's constitutional claim "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

     Although it does not factor into my consideration of the matter, I note that both fire investigators relied on the negative corpus method to reach the conclusion that the fire had been intentionally set. At the time of trial in January 2011, the current version of the National Fire Protection Association 921, Guide for Fire and Explosion Investigations ("NFPA 921") was the 2008 edition. This edition recognized the negative corpus methodology—a method that "allow[ed] for the 'determination' of the ignition source, or as it [wa]s routinely applied, 'the fire cause,' without physical evidence or proof." Dennis W. Smith, *The Death of Negative Corpus*, International Symposium on Fire Investigation 2012, https://www.dropbox.com /s/xse74o3hsdjvbjj/ISFI2012Proceedings_NegativeCorpus.pdf. In March 2011, the NFPA published the 2011 edition of NFPA 921, which repudiated the negative corpus method: "This process is not consistent with the Scientific Method, is inappropriate, and should not be used because it generates un-testable hypotheses, and may result in incorrect determinations of the ignition source and first fuel ignited." NFPA 921§ 18.6.5 (2011). In this case, the fire investigators relied on the negative corpus methodology to conclude that the fire was not caused accidentally—a methodology that was debunked only two months after Petitioner's trial.